*Exhibit "A"*

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Esquire | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No.: 83362 |
| David A. Berlin, Esquire | 11 Bala Ave |
| Attorney Id. No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Avenue | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | Attorneys for Plaintiff |

*Filed and Attested by the Office of Judicial Records 10 JUL 2025 03:47 pm S. GILLIAM*

| | | |
|---|---|---|
| **ESTATE OF TYLER DARNELL STEWART through ANDRAYA STEWART AS ADMINISTRATOR** | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| C/O Weisberg Law Offices | : | |
| 7 S Morton Avenue | : | DOCKET NO. 241103234 |
| Morton, PA 19070 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **JESSAMINE HEALTHCARE, INC.** | : | **JURY TRIAL OF TWELVE (12)** |
| 3340 Perimeter Hill Drive | : | **JURORS DEMANDED** |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JESSAMINE HEALTHCARE, INC. d/b/a CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** | : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** | : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN/JANE DOE MEDICAL STAFF 1- 10** | : | |
| JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC | : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN/JANE DOE HEAD PHYSICIAN** | : | |

Case ID: 241103234

|  | : |
|---|---|
| Individually and in their official capacity as Head Physician | : |
| **JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/** | : |
| **WELLPATH, LLC** | : |
| 3340 Perimeter Hill Drive | : |
| Nashville, TN 37211 | : |
|  | : |
| and | : |
|  | : |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS d/b/a SCI-MERCER** | : |
| 801 Butler Pike | : |
| Mercer, PA 16137 | : |
|  | : |
| and | : |
|  | : |
| **MELINDA ADAMS, individually and in her official capacity as Superintendent, SCI-MERCER** | : |
| 801 Butler Pike | : |
| Mercer, PA 16137 | : |
|  | : |
|                         Defendants. | : |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su |

Case ID: 241103234

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 | persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 |

Case ID: 241103234

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Esquire | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No.: 83362 |
| David A. Berlin, Esquire | 11 Bala Ave |
| Attorney Id. No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Avenue | 610-664-5200 Ext 104 |
| Morton, PA  19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | Attorneys for Plaintiff |

| | | |
|---|---|---|
| **ESTATE OF TYLER DARNELL STEWART through ANDRAYA STEWART AS ADMINISTRATOR** | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| C/O Weisberg Law Offices | : | |
| 7 S Morton Avenue | : | DOCKET NO. 241103234 |
| Morton, PA 19070 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **JESSAMINE HEALTHCARE, INC.** | : | **JURY TRIAL OF TWELVE (12)** |
| 3340 Perimeter Hill Drive | : | **JURORS DEMANDED** |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JESSAMINE HEALTHCARE, INC. d/b/a CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** | : : : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** | : : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN/JANE DOE MEDICAL STAFF 1-10** | : | |
| JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC | : : : | |
| 3340 Perimeter Hill Drive | : | |
| Nashville, TN 37211 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN/JANE DOE HEAD PHYSICIAN** | : | |

Case ID: 241103234

| | |
|---|---|
| Individually and in their official capacity as Head Physician<br>**JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC**<br>3340 Perimeter Hill Drive<br>Nashville, TN 37211<br><br>and<br><br>**PENNSYLVANIA DEPARTMENT OF CORRECTIONS d/b/a SCI-MERCER**<br>801 Butler Pike<br>Mercer, PA 16137<br><br>and<br><br>**MELINDA ADAMS, individually and in her official capacity as Superintendent, SCI-MERCER**<br>801 Butler Pike<br>Mercer, PA 16137<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **PARTIES**

1. Plaintiff, Andraya Stewart (Individually and as Personal Representative/Administrator of the Estate of Tyler Darnell Stewart, Deceased), is the daughter of Tyler Stewart.

2. Tyler Stewart (hereinafter "the decedent"), was an adult male in the custody of The Pennsylvania Department of Corrections. At all times material, Decedent was incarcerated at SCI-Mercer.

3. Defendant Jessamine Healthcare Inc. d/b/a Wellpath LLC, formerly known as Correct Care Solutions, LLC, (collectively "Wellpath") are Pennsylvania limited liability, for profit corporations doing business at all times pertinent to this Complaint, inter alia, at the above captioned facility. At all times material to the allegations of this Complaint Wellpath, a vendor, contracted with the DOC for the provision of medical and health services, and was responsible

for providing prison health services and appropriate and timely care and treatment to inmates, and generally protecting the medical welfare of inmates at various facilities in Pennsylvania, including at all the state correctional institutes, where plaintiff has been housed.

4. Defendants, John/Jane Does 1-10, medical staff, are adult individuals who, at all times material, were involved in Decedent's medical care, and lack thereof. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

5. Defendant Jone/Jane Doe, Head Physician, whose first and last name is unknown, is an adult individual who, at all times material herein, acted individually and in their official capacity as Head Physician/Doctor for Wellpath.

6. Defendant, Pennsylvania Department of Corrections d/b/a SCI-Mercer ("SCI-Mercer"), is a prison, that at all times material herein, acted in its official capacity.

7. Defendant, Melinda Adams ("Adams"), is an adult individual who, at all times material herein, acted individually and in his official capacity as, Warden.

8. Upon information and belief, jurisdiction is proper in this venue because as the facts and transactions involved in the discrimination complained of herein occurred in or around Philadelphia County.

**OPERATIVE FACTS**

9. The above paragraphs are incorporated herein by reference.
10. Decedent had been incarcerated since in or around February 2020.
11. Decedent suffered from, *inter alia*, diabetes and high blood pressure. Decedent was insulin dependent and required medication to control his blood pressure.
12. Upon information and belief Decedent was not receiving his insulin to control his diabetes.
13. Upon information and belief, Defendants, John/Jane Doe Head Physician and John/Jane Doe medical staff were not properly treating Decedent's medical conditions, including but not limited to his diabetes.

14. Upon information and belief, Defendants, John/Jane Doe Head Physician and John/Jane Doe medical staff knew or should have known that Decedent was not receiving the proper medications/treatment.

15. Upon information and belief, Decedent filed multiple grievances due to the fact that he was not receiving his insulin.

16. Further, upon information and belief, Decedent was taking a medication associated with urinary retention, which made it difficult to urinate at times.

17. Due to his difficulty urinating, Decedent would often be disciplined and placed in solitary confinement/or a segregation unit due to his inability to produce a urine sample on command.

18. In or around the end of September 2022, Decedent was taken to Sharon Regional Hospital and hospitalized for pancreatis.

19. Decedent was later transferred to Allegheny General Hospital.

20. Upon information and belief, pancreatitis is a complication/risk factor associated with poorly controlled/untreated diabetes.

21. On December 3, 2022, Decedent succumbed to a gastrointestinal hemorrhage and/or necrotizing pancreatitis.

22. Upon information and belief, a gastrointestinal hemorrhage can be caused by pancreatitis.

23. Defendants did not take the proper precautions to make sure that inmates were being treated properly, humanely and receiving the proper medical care. It was common for inmates to be treated in an inhumane manner without proper medical care. Upon information and belief, Defendant Adams is the decision makers regarding the aforesaid custom, policy, and/or practice.

24. As a result of Defendants' actions, Decedent underwent extreme pain and suffering.

Case ID: 241103234

25. As a result of Defendants' actions, the Estate of Tyler Darnell Stewart has sustained significant damages.

### COUNT I.

**VIOLATION-FAILURE TO PROVIDE MEDICAL CARE/FAILURE TO PROTECT/FAILURE TO KEEP SAFE/ CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE**
*VIOLATIONS OF 4th, 8th, and 14th AMENDMENTS*
*Against all Defendants*

26. The above paragraphs are incorporated herein by reference.

27. Defendants failed to properly provide a safe environment for Decedent,

28. Defendants failed to protect and provide the appropriate medical care to Decedent.

29. Defendants were deliberately indifferent to the constitutional rights of Decedent.

30. Defendants' actions stated above, inter alia, were violations of Decedent's clearly established and well settled Constitutional and other legal rights.

31. Defendants caused Decedent to suffer cruel and unusual punishment in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

### COUNT II.

**WRONGFUL DEATH PURSUANT TO 42 Pa.C.S.A. SECTION 8301**
*Against all Defendants*

32. The foregoing paragraphs are incorporated herein by reference.

33. By negligently, carelessly and recklessly failing to provide Decedent with the appropriate medical care and accommodations, Defendants caused decedent's death.

34. Decedent suffered a painful death as a direct and proximate result of Defendants' negligence and wrongful acts as alleged above.

35. Plaintiff has suffered grief and sorrow, loss of probable support, companionship, society and comfort as a result of her father's wrongful death.

36. Prior to his death, decedent experienced severe emotional trauma and great pain and suffering.

37. That as a direct and proximate result of Defendants' conduct, Plaintiff is entitled to recover damages for the pain and suffering of her father.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III.
### MONELL
*Against Pennsylvania Department of Corrections*

38. The foregoing paragraphs are hereby incorporated herein by reference.

39. Defendants had a policy of treating inmates in an inhumane and dangerous manner.

40. Upon information and belief, Defendants have a policy, practice, or custom, including failing to render proper medical treatment to prisoners, failing to regulate the temperature in cells appropriately, and failing to provide humane conditions of confinement.

41. Upon information and belief, Defendant Adams is the ultimate decision maker regarding the aforesaid policy, practice, or custom.

42. Decedent suffered harm due to the Defendants' conduct.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive

Case ID: 241103234

damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT IV.
### Negligence
*Plaintiff v. All Defendants*

43. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

44. At all times material, Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

    a. Failing to protect the well-being of inmates;

    b. Failing to provide the proper medication to inmates;

    c. Other conduct that deviated from the applicable standard of care.

45. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff suffered actual loss.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT V.
### SURVIVAL ACTION
*Plaintiff v. All Defendants*

46. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

47. At all relevant times, Decedent was under the care of the Defendants for the diagnosis, management, and treatment of his medical conditions.

48. As a direct and proximate result of the negligent, careless, and reckless acts and omissions of the Defendants as described above, Decedent sustained severe personal injuries, conscious pain and suffering, emotional distress, loss of life's pleasures, and other damages prior to his death

Case ID: 241103234

on or about December 3, 2022.

49. The injuries sustained by Decedent caused him/her to incur expenses for medical care, hospital treatment, and other related expenses, for which the Estate is entitled to recover.

50. As a result of the Defendants' negligence, Decedent endured conscious pain and suffering, physical discomfort, emotional distress, and other damages from the time of injury until the time of death.

51. Pursuant to 42 Pa.C.S. § 8302, this action survives in favor of Andraya Stewart, as Personal Representative of the Estate of Tyler Darnell Stewart, for the benefit of the Estate.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

WEISBERG LAW

/s/ David Berlin

David A. Berlin, Esq.
Matthew B. Weisberg, Esq.
*Attorneys for Plaintiff*

Case ID: 241103234

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Esquire | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No.: 83362 |
| David A. Berlin, Esquire | 11 Bala Ave |
| Attorney Id. No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Avenue | 610-664-5200 Ext 104 |
| Morton, PA  19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | Attorneys for Plaintiff |

| | | |
|---|---|---|
| **ESTATE OF TYLER DARNELL STEWART through ANDRAYA STEWART AS ADMINISTRATOR** | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | : | DOCKET NO. 241103234 |
| v. | : | |
| **JESSAMINE HEALTHCARE, INC. JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC, et. al.** | : | **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, David Berlin, Esquire, hereby certify that on this 10th day of July 2025, a true and correct copy of the foregoing Complaint was served upon all parties of record via e-filing.

WEISBERG LAW

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

Case ID: 241103234